PHILLIP A. TALBERT
United States Attorney
JOSEPH D. BARTON
ARELIS M. CLEMENTE
HENRY Z. CARBAJAL III
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JIA BEI ZHU, aka JESSE ZHU, QIANG HE, and DAVID HE,<br><br>                    Defendant. | CASE NO.  1:23-CR-00219-NODJ-BAM<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S APPEAL OF DETENTION ORDER |

The defendant is facing up to eight years in federal prison if he is convicted in this case.  Since the defendant's arrest, two federal magistrates, the Honorable Stanley A. Boone and Erica P. Grosjean, have held detailed detention and bail review hearings, respectively, and ordered him detained pending trial.  Judges Boone and Grosjean found that the defendant posed a flight risk and that he may obstruct justice.  The government hereby incorporates by reference the record from those hearings, *i.e.*, the evidence that the government proffered, the arguments that it made in support of detention, and Judges Boone and Grosjean's findings, as though fully set forth herein.  *See*, *generally*, Dkt. 19, 29, 47, and 50.

As the record makes clear, there are several reasons why the defendant was, and should continue to be, detained.  The government seeks to highlight a few of the more pertinent reasons for the Court's easy reference.

First, the defendant has used different aliases over the past decade. Those aliases are: Jia Bei Zhu or Jesse Zhu, and Qiang He or David He. The defendant has used these aliases to conduct business, make financial transactions, and apply for or obtain identification documents and immigration benefits in China, Canada, and the United States. The identification documents and immigration benefits that the defendant has applied for or obtained include:

- Chinese passport for Jia Bei Zhu;
- Canadian passport for Jia Bei Zhu;
- Canadian driver's license for Jia Bei Zhu;
- United States visa application for Jia Bei Zhu (application denied);
- Chinese passport for Qiang He;
- United States asylum application for Qiang He (application pending); and
- Social Security Number and California identification card for David He.

Judges Boone and Grosjean were concerned with the defendant's inability to provide supporting documents showing how his last name was lawfully changed from Zhu to He or to otherwise prove that he was not simultaneously using two different identities. This was the primary reason that they ordered him detained. Dkt. 29 at Pg. 15; Dkt. 50 at Pgs. 23-24.

Second, the defendant reported to Pretrial Services ("PTS") that he was born in China, his parents, ex-wife, and two older children still lived in China, and his lone sibling lived in New Zealand. He also reported living in several places over the past decade. These places included: Canada, Las Vegas, Los Angeles, Seattle, and Tulare. Therefore, Judges Boone and Grosjean found that the defendant lacked any real ties to, and did not have a stable residence in, the community sufficient to ensure his appearance in court as required. Dkt. 29 at Pg. 15; Dkt. 50 at Pgs. 24-25.

Third, during the defendant's bail review hearing, Judge Grosjean learned that he had access to significant financial resources that he did not initially disclose when he was interviewed by PTS. Specifically, Food and Drug Administration records showed that the defendant was the owner of the Chinese business, Ai De Diagnostics. Bank records, in turn, showed that Ai De Diagnostics sent millions of dollars to three other businesses in the United States with which the defendant was involved and for which he had access to bank accounts. These three other businesses were: Universal Meditech

Incorporated ("UMI"), Prestige Biotech Incorporated ("PBI"), and David Destiny Discovery. Dkt. 47 at Pg. 2.

Moreover, Judge Grosjean learned that money Ai De Diagnostics sent to David Destiny Discovery was used to purchase the Las Vegas property that the defendant now wants to use for his bond. Dkt. 47 at Pg. 2. The defendant did not disclose any of these assets to PTS. Instead, he misrepresented to PTS that he only had $10,000 to $20,000. Judge Grosjean found this fact to be a compelling factor in favor of the defendant's continued detention. Dkt. 50 at Pgs. 24-27.

Fourth, just days after federal authorities executed a search warrant at one of the defendant's places of business in Reedley, California, and shortly before he was arrested, immigration records showed that the mother of the defendant's newborn son, Zhaoyan Wang, and the defendant's newborn son left the United States on a one-way flight to China. They have not returned. The defendant, again, did not initially disclose this information to PTS. Indeed, he failed to even mention he had a relationship with Ms. Wang or that he had a newborn son. Judge Grosjean found these facts to be other compelling factors in favor of the defendant's continued detention. Dkt. 50 at Pg. 24.

Finally, Judge Grosjean found that the defendant had initially moved to the United States, at least in part, to flee a multi-million-dollar civil judgment that he faced in Canada. She believed this fact showed that the defendant posed a serious risk of flight in this case. Dkt. 50 at 24.

///

///

///

For these reasons, this Court should continue to detain the defendant on the basis that he is a flight risk and that he may obstruct justice under 18 U.S.C. §§ 3142(f)(2)(A) and (B).  The defendant is facing serious criminal penalties that are unlike anything he has seen before, he is skilled in the art of deception, he has access to millions of dollars, he was untruthful with PTS, and he previously fled from a civil court case.  All signs point to the defendant fleeing yet again if he is released on bond.[1]


Dated:  July 15, 2024                                    PHILLIP A. TALBERT
                                                        United States Attorney


                                               By:    _/s/ Joseph Barton_____
                                                        Joseph Barton
                                                        Assistant United States Attorney

---

[1] The government also objects to the defendant's motion to list the defendant by his supposed true name, David He, at his detention facility and the Court's order granting the motion.  Dkt. 64 and 66. In the defendant's motion, he did not mention the proceedings immediately following his Indictment where the Honorable Barbara A. McAuliffe found that his true name was disputed.  Dkt. 15.  In light of these proceedings, the government requests that it be allowed to address the defendant's motion and the Court's order at the upcoming July 17, 2024, hearing.